IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JEFFREY RODRIGUEZ, #R70551, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 19-CV-00035-NJR |
| OFFICER FERRANTO,<br>MAJOR CHILDREN,<br>MAJOR HASSLEMEYER,<br>SGT. BEBOUT,<br>JOHN DOES, and<br>TRANSFER COORDINATOR, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jeffrey Rodriguez, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that occurred while he was incarcerated at Menard Correctional Center ("Menard"). He asserts excessive force and failure to protect claims under the Eighth Amendment and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

In his Complaint, Plaintiff makes the following allegations: Plaintiff was transferred from Menard to another facility in 2009 after a racially motivated assault on him by a Menard correctional officer. (Doc. 1, p. 5). In 2011, he was submitted for transfer to Menard.[1] (Doc. 1, pp. 5, 19). The IDOC Transfer Coordinator denied the transfer based on the prior assault. *Id*. In 2015, however, Plaintiff was transferred to Menard by the Transfer Coordinator despite knowledge of the prior assault. (Doc. 1, p. 6).

On May 3, 2016, Plaintiff was involved in a verbal altercation with Lt. Scott while walking to commissary. *Id*. During the incident, Lt. Scott yelled racial insults and told Plaintiff he looked familiar "while holding a sinister smile on his face." *Id*. Plaintiff attacked Lt. Scott "out of paranoia." In response to Plaintiff's action, Officer Ferranto and other correctional officers restrained and assaulted Plaintiff ("Assault #1"). *Id*. After Assault #1, Plaintiff was taken to the Health Care Unit ("HCU") and, upon arrival, he was assaulted while restrained by Major Children, Sgt. BeBout, and Major Hasselmeyer ("Assault #2"). *Id*. Plaintiff was eventually examined by a nurse, his injuries were documented, and he was cleared to leave HCU. *Id*.

After leaving HCU, Plaintiff was taken to the Internal Affairs office and then to the North 2 segregation building. (Doc. 1, pp. 7-8). He was placed in the segregation visiting room and assaulted while restrained by Sgt. BeBout and other correctional officers ("Assault #3"). *Id*. After Assault #3, Plaintiff was placed in a cell in the 2 gallery in North 2 segregation. *Id*. Later that day, Plaintiff was transferred to Pontiac Correctional Center. (Doc. 1, p. 9).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate the following four counts:

---

[1] The Complaint does not explain why he was submitted for transfer to Menard.

| | |
|---|---|
| **Count 1:** | Eighth Amendment excessive force claim against Officer Ferranto and John Does for assaulting Plaintiff while he was restrained during Assault #1 on May 3, 2016. |
| **Count 2:** | Eighth Amendment excessive force claim against Major Children, Sgt. BeBout, and Major Hasselmeyer for assaulting Plaintiff while he was restrained during Assault #2 on May 3, 2016. |
| **Count 3:** | Eighth Amendment excessive force claim against Sgt. BeBout and John Does for assaulting Plaintiff while he was restrained during Assault #3 on May 3, 2016. |
| **Count 4:** | Eighth Amendment failure to protect claim against the IDOC Transfer Coordinator for transferring Plaintiff to Menard despite a prior assault on him by a Menard correctional officer. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. Any other intended claim[2] that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly*[3] pleading standard.

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz,* 680 F.3d 984 (7th Cir. 2012). Prison officials have a constitutional duty to "take reasonable measures to guarantee the safety" of prisoners. *Brown*,

---

[2] In the opening paragraph of the Complaint, Plaintiff declares the action is brought "to address cruel and unusual punishment and racial discrimination perpetrated in violation of the 8th and 14th Amendments." There is no mention, however, in the remainder of the Complaint of any Fourteenth Amendment discrimination claims. Therefore, any intended discrimination claim has not been sufficiently pled and is considered dismissed without prejudice.

[3] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

398 F.3d at 909. To state a failure to protect claim, a prisoner must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant(s) "acted with deliberate indifference to that risk." *Id*.

The Complaint sets forth sufficient allegations to proceed on excessive force claims in Counts 1-3 against Defendants Ferranto, Major Children, Major Hasselmeyer, Sgt. BeBout, and John Does (correctional officers) and the failure to protect claim in Count 4 against the IDOC Transfer Coordinator.

## Motion for Appointment of Counsel

Plaintiff filed a Motion for Appointment of Counsel (Doc. 2), which is **DENIED**.[4] He states he is in need of appointed counsel to assist him because: (1) he suffers from serious mental illnesses for which he is heavily medicated; (2) he has an 8th grade education and has difficulty reading and paying attention; and (3) he required the assistance of a fellow inmate to draft the pleadings in this case. (Doc. 1, p. 20; Doc. 2, pp. 1-2). Obviously, Plaintiff has identified several impairments that may deter his ability to pursue this action *pro se*. Nonetheless, the motion will be denied at this time. The Court has insufficient information to determine whether Plaintiff is unable to afford counsel. Plaintiff's financial information is not before the Court as he paid the filing fee in full. Further, Plaintiff has not provided sufficient documentation for the Court to determine whether Plaintiff's efforts to retain counsel have been reasonable. Plaintiff alleges he has contacted outside legal firms and has been unsuccessful in obtaining an attorney to represent him in this matter. The only documentation offered, however, is a legal mail card showing outgoing mail.

Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the

---

[4] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three attorneys to prove that he has made reasonable efforts to find an attorney on his own.

For the reasons stated above, the Motion for Appointment of Counsel (Doc. 2) is **DENIED** without prejudice. The Court will remain open to appoint counsel as the case progresses.

### Identification of Unknown Defendant or Defendants

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Court will add Jacqueline Lashbrook in her official capacity as Warden of Menard Correctional Center to the docket for the purpose of responding to discovery aimed at identifying the John Does. Guidelines for discovery will be set by the undersigned. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

**IT IS HEREBY ORDERED** that the Motion for Appointment of Counsel (Doc. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that **Count 1** will proceed against **Ferranto** and **John Does**. **Count 2** will proceed against **Children, Hasslemeyer**, **BeBout**, and **John Does**. **Count 3** will proceed against **BeBout** and **John Does**. **Count 4** will proceed against the IDOC **Transfer Coordinator**.

The Clerk of the Court is **DIRECTED** to add **Jacqueline Lashbrook,** Warden of Menard Correctional Center (official capacity only) to the docket for the purpose of responding to discovery aimed at identifying the John Does and the IDOC Transfer Coordinator.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Lashbrook** (official capacity only), **Ferranto, Children, Hasslemeyer**, and **BeBout**: (1) Form 5 (Notice of a Lawsuit and

Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendants **John Does** or IDOC **Transfer Coordinator** until such time as Plaintiff has identified him or her by name in a properly filed amended Complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for this individual.

With the exception of Defendant Lashbrook, Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Lashbrook** is **ORDERED** to timely enter her appearance. **Lashbrook**, however, <u>does not need to file an Answer or other responsive pleading</u>. Once **Lashbrook** enters her appearance, the Court will enter a discovery order setting guidelines for identifying the unknown defendants. **Lashbrook** will be responsible for responding to discovery requests aimed at identifying the John Doe correctional officers propounded in accord with this discovery order.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 21, 2019**

*[signature]*

_____
**NANCY J. ROSENSTENGEL
United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.