# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JEFFREY RODRIGUEZ, | ) |
|---|---|
| #R70551, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-cv-00035-NJR |
| vs. | ) |
| | ) |
| ANTHONY FERRANTO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jeffrey Rodriguez, an inmate of the Illinois Department of Corrections, filed this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Rodriguez asserts he was subjected to excessive force by Defendants while he was incarcerated at Menard Correctional Center.

This matter is now before the Court for consideration of Defendants' motion for summary judgment for failure to exhaust administrative remedies prior to filing suit. For the reasons set forth below, the motion is granted in part and denied in part.

## Background

Rodriguez alleges the following in his Complaint: On May 3, 2016, Rodriguez was involved in a verbal altercation with Lieutenant Scott while walking to commissary. During the incident, Lieutenant Scott yelled racial insults and told Rodriguez he looked familiar "while holding a sinister smile on his face." Rodriguez attacked Lieutenant Scott "out of paranoia." In response to Rodriguez's action, Officer Ferranto and other

1

correctional officers restrained and assaulted Rodriguez ("Assault #1"). After Assault #1, Rodriguez was taken to the Health Care Unit ("HCU") and, upon arrival, he was assaulted while restrained by Major Children, Sergeant Bebout, and Major Hasemeyer ("Assault #2"). Rodriguez was eventually examined by a nurse, his injuries were documented, and he was cleared to leave HCU. After leaving HCU, Rodriguez was taken to the Internal Affairs office and then to the North 2 segregation building. He was placed in the segregation visiting room and assaulted while restrained by Sergeant Bebout and other correctional officers ("Assault #3"). After Assault #3, Rodriguez was placed in a cell in the 2 gallery in North 2 segregation. Later that day, Rodriguez was transferred to Pontiac Correctional Center.

Following review pursuant to 28 U.S.C. § 1915A, Rodriguez was allowed to proceed on the following claims at issue in this motion:[1]

    Count 1:    Eighth Amendment excessive force claim against Ferranto for assaulting Rodriguez while he was restrained during Assault #1 on May 3, 2016.

    Count 2:    Eighth Amendment excessive force claim against Children, Bebout, and Hasemeyer for assaulting Rodriguez while he was restrained during Assault #2 on May 3, 2016.

    Count 3:    Eighth Amendment excessive force claim against Bebout for assaulting Rodriguez while he was restrained during Assault #3 on May 3, 2016.

**Defendants' Motion for Summary Judgment**

Defendant filed the pending motion for summary judgment arguing that

---

[1] Rodriguez was also allowed to proceed on claims against John Does and Transfer Coordinator. Those defendants were dismissed on October 4, 2019. (Doc. 24).

Rodriguez failed to exhaust his administrative remedies prior to filing suit. (Docs. 21 and 22). Rodriguez has not filed a response to the motion, and the time for doing so has expired. The Court considers Rodriguez's failure to respond an admission of the facts of Defendants' motion. SDIL Local Rule 7.1(c) (failure to timely file a response to a motion may be considered an admission of the merits of the motion); FED.R.CIV.P. 56(e)(facts may be considered undisputed if a party fails to respond as required by Rule 56(c)); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)(failure to respond by the nonmovant as mandated by the local rules results in an admission); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (non-movant's failure to respond to a motion for summary judgment constitutes an admission that there are no disputed issues of material facts).

The following facts are undisputed. An inmate may grieve prison conditions with the Illinois Department of Corrections by following the grievance procedures set forth in 20 Ill. Admin. Code 504.800 *et seq*. (Doc. 22, p. 2). Rodriguez received a disciplinary ticket for an incident that occurred on May 3, 2016. (*Id.*). Rodriguez filed a grievance regarding the May 3, 2016 incident on June 27, 2016 directly to the Administrative Review Board (ARB) because Rodriguez was no longer at the facility from which the allegations in his grievance arose. (*Id.*; Doc. 22-2, p. 4). In the grievance, Rodriguez alleges that excessive force was used to restrain him after he assaulted an officer and that he was "brutally beaten" by an unknown amount of officers on May 3, 2016. (*Id.*). Rodriguez filed a second grievance related to the May 3, 2016 incident on July 24, 2016. (*Id.*). Rodriguez's grievances were reviewed and ruled on by the ARB on February 1, 2017. (*Id.*).

**<u>Legal Standards</u>**

"Summary judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [the movant] is entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); FED.R.CIV.P. 56(c). All facts and reasonable inferences must be construed in favor of the non-moving party. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017).

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all administrative remedies before bringing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole*, 438 F.3d at 809. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Under the procedures set forth in the Illinois Administrative Code, an inmate is required to file a written grievance within 60 days of the "incident, occurrence or problem that gives rise to the grievance." 20 ILL. ADMIN. CODE § 504.810(a). The grievance must be filed with the inmate's counselor, unless certain discrete issues are being grieved. *Id*. If the complaint is not resolved through a counselor, the grievance must be submitted to a grievance officer who must render a written recommendation to the Chief Administrative Officer (CAO) within two months of receipt, "when reasonably feasible under the circumstances." *Id*. at § 504.830(e). The CAO then advises the inmate of a decision on the

4

grievance. *Id.* After receiving the response of the CAO, the inmate may appeal in writing to the IDOC Director. *Id.* at § 504.850(a). The appeal must be received by the ARB within 30 days after the date of the CAO's decision. *Id.*

An inmate may file an emergency grievance if "there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender." *Id.* at § 504.840(a). The grievance is forwarded directly to the CAO and, if the CAO determines the grievance should be handled as an emergency, he or she must expedite the grievance process. *Id.* at § 504.840(b). If the CAO determines the grievance is not an emergency, the inmate is notified in writing that he may resubmit the grievance as non-emergent, in accordance with the standard grievance process. *Id.* at § 504.840(c).

## **Discussion**

Defendants argue that Rodriguez did not exhaust his administrative remedies because neither the June 27, 2016 grievance nor the July 24, 2016 grievance identified Bebout, Childers, Ferranto, or Hasemeyer with regard to the allegations of excessive force. Instead, the grievances refer to a brutal beating by an "unknown amount of officers." Defendants further argue that Rodriguez did not sufficiently describe Bebout, Childers, Ferranto, or Hasemeyer or the alleged occurrence to allow for meaningful review of the alleged conduct by the facility.

The grievance procedures require that an inmate name the individuals involved in the complaint, or, if their names are not known, an inmate "must include as much descriptive information about the individual as possible." 20 ILL. ADMIN. CODE §504.810(a)(b); *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011). The Seventh Circuit has

5

held that an inmate is required to provide enough information to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints." *Maddox*, 655 F.3d at 722. Indeed, the Seventh Circuit has consistently reminded district courts that "all that the PLRA requires" is that a grievance "alert the prison to the nature of the wrong for which redress is sought." *Westefer v. Snyder*, 422 F.3d 570, 580 (7th Cir. 2005) (citing *Strong v. David,* 297 F.3d 646, 650 (7th Cir.2002)); *see also Maddox*, 655 F.3d at 722 (citing *Jones v. Bock,* 549 U.S. 199, 219 (2010) (providing early notice to those who might later be sued has not been thought to be one of the leading purposes of the exhaustion requirement) (citing *Johnson v. Johnson,* 385 F.3d 503, 522 (5th Cir.2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation.")). Further, "[w]here prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense." *Maddox*, 655 F.3d at 722 (citations omitted).

Rodriguez submitted his grievances regarding the May 3, 2016 incident directly to the ARB, which he could do as he had transferred from Menard to Pontiac. The exhibits submitted by Defendants in support of their motion show that Rodriguez referenced the May 3, 2016 disciplinary report in his June 27, 2016 grievance and a copy of that report was received by the ARB with that grievance. (Doc. 22-1, pp. 3, 4, 5, 8, 9, 10). The disciplinary report identified Ferranto. (*Id.*, p. 10, 11). In the grievance, Rodriguez asserts

6

that the excessive force that was used to restrain him was unnecessary. He states he was restrained by the head, handcuffed, and then brutality beaten by an unknown amount of officers. (*Id.*, p. 4). The May 3, 2016 disciplinary report states that an officer secured Rodriguez by his head and Officer Ferranto helped restrain Rodriguez. (*Id.*, p. 10).

While Rodriguez did not identify the correctional officers by name or physical description on the June 27, 2016 grievance form, there was enough information in the grievance and the May 3, 2016 disciplinary report for the ARB to investigate and address Rodriguez's claim against Ferranto with regard to Assault #1. In fact, the ARB reviewed the incident reports and ruled on the merits of the grievance. (Doc. 22-1, p. 2). The ARB did not reject the grievance for not identifying the staff involved in the incident. (*Id.*).

Rodriguez's grievances did not, however, provide any information as to Assaults #2 and #3. There is no mention of an assault in the HCU or a segregation visiting room. The grievance form used by Rodriguez informed him that he needed to "[p]rovide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved." (Doc. 22-1, p. 3). The information he provided does not describe any excessive force after Assault #1.

Based on the foregoing, the Court finds that Rodriguez sufficiently exhausted his administrative remedies on his claim against Defendant Ferranto in Count 1 but did not exhaust his administrative remedies as to his claims against Defendants Bebout, Childers, and Hasemeyer in Counts 2 and 3.

## **Disposition**

Accordingly, the Motion for Summary Judgment on the Issue of Exhaustion of

Administrative Remedies filed by Defendants is **GRANTED in part and DENIED in part**.

The motion is **DENIED** as to the claim against Defendant Ferranto in Count 1.

The motion is **GRANTED** as to the claims against Defendants Bebout, Childers, and Hasemeyer in Counts 2 and 3, which are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to terminate Defendants Bebout, Childers, and Hasemeyer as parties.

**IT IS SO ORDERED.**

**DATED:  October 10, 2019**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**