IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY RODRIGUEZ,<br><br>                  Plaintiff,<br><br>v.<br><br>ANTHONY FERRANTO,<br><br>                  Defendant. | Case No. 19-cv-35-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management purposes. On June 10, 2020, the Court entered an Order to show cause (Doc. 33) directing Plaintiff Jeffrey Rodriguez to show cause why his case should not be dismissed for his failure to file the consent form as required under Administrative Order No. 257, as well as his failure to comply with the Court's orders. Rodriguez was given until June 24, 2020 to file a response, but as of this date has failed to do so.

On December 3, 2019, the Court entered an Order pursuant to Administrative Order No. 257 directing the parties to file a Notice and Consent to Proceed before a Magistrate Judge Jurisdiction form within twenty-one days (Doc. 27). Rodriguez failed to comply with that Order. On January 13, 2020, the Court again directed Rodriguez to submit his consent form and gave him an additional seven days to comply with the Court's Order (Doc. 30). The Court served the Order on Rodriguez at Pontiac Correctional Center, Rodriguez's current institution according to the docket.

Subsequently, the Court learned that Rodriguez had transferred to Lawrence Correctional Center and not informed the Court of his current whereabouts. Rodriguez was informed at the beginning of his case that he was under a continuing obligation to inform the Court of any change of address (Doc. 6, p. 7). Rodriguez also was warned that a failure to advise the Court of his current whereabouts would result in a dismissal of his claims (*Id*.). The Court updated Rodriguez's address and again warned him that his failure to keep the Court appraised of his current whereabouts could ultimately result in the dismissal of his claims (Doc. 31). The January 13, 2020 Order was sent to Rodriguez at Lawrence Correctional Center, and he again failed to respond.

Finally, on June 10, 2020, the Court entered the show cause Order directing Rodriguez to file his consent form and to show cause why the case should not be dismissed for his failure to comply with the Court's orders. As of this date, he has not filed a response.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732-33 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's

failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* (citing *Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000)).

Here, the Court finds that Rodriguez has failed to prosecute his claims. He was given three opportunities to submit his consent form and failed to do so. He was warned that his failure to comply with the Court's Order would result in a dismissal of his claims and he still did not respond. He previously failed to update his address with the Court. He also failed to respond to a summary judgment motion filed by the defendants (*See* Doc. 25, p. 3) and failed to file any motion regarding the identities of the John Doe defendants (Doc. 24). In fact, Rodriguez has not filed anything in his case since filing his original Complaint on January 9, 2019 (Doc. 1). It appears that Rodriguez no longer wishes to pursue his claims because he has failed to participate in any way in this case.

Accordingly, the Court finds that Rodriguez has failed to prosecute his claims. His case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** July 23, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**